UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

KATHY ANN GARCIA-LAWSON,	CASE NO.: 10-cv-80240-Marra/Johnson

　　　　Plaintiff,

v.

SUNTRUST MORTGAGE, INC., SUNTRUST BANK, INC., and JEFFREY P. LAWSON, and ALL JANE AND JOHN DOES 1-50,

　　　　Defendants.
_____/

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
COMPLAINT AND MOTION TO STRIKE DEMAND FOR JURY TRIAL**

　　　　Defendants, SUNTRUST MORTGAGE, INC. ("SunTrust Mortgage") and SUNTRUST BANK, INC. ("SunTrust Bank"),(collectively, "SunTrust Defendants"), through undersigned counsel and pursuant to Federal Rules of Civil Procedure 12(b)(6), hereby move this Honorable Court to dismiss the Complaint for Quiet Title and Breach of Contract filed by Plaintiff KATHY ANN GARCIA-LAWSON ("Garcia-Lawson" or "Plaintiff"), for failure to state a claim upon which relief can be granted. SunTrust Defendants also move to strike demand for jury trial. In support thereof, the SunTrust Defendants state as follows:

**I.　FACTUAL BACKGROUND AS PER PLAINTIFF'S ALLEGATIONS AND INCORPORATED LOAN DOCUMENTS.[1]**

　　　　1.　On May 23, 2003, Plaintiff Garcia-Lawson and her husband, Co-Defendant Jeffrey P. Lawson, executed and delivered to SunTrust Mortgage a promissory note in the principal amount of $360,000.00, (the "Note"). *See* Complaint, Ex. A.

---

　　　　[1]For purposes of this Motion to Dismiss, Plaintiff's allegations must be accepted as true. *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2007). SunTrust Defendants, however, do not, by way of this Motion to Dismiss, agree to or admit the facts as alleged by Plaintiff.

2. The Plaintiff's Note, dated May 23, 2003, was a refinancing of the 2000 purchase of 2620 Nature's Way, Palm Beach Gardens, Florida 33410. *See* Complaint ¶ 30.

3. The Note is secured by that certain mortgage dated May 23, 2003, executed by Plaintiff Garcia-Lawson and her husband, Co-Defendant Jeffrey P. Lawson, and recorded on June 4, 2003, in Official Records Book 15320, Page 0491 of the Public Records of Palm Beach County, Florida (the "Mortgage"). The Mortgage encumbers real property located at 2620 Nature's Way, Palm Beach Gardens, Florida 33410, more particularly described therein (as described in Mortgage, the "Mortgaged Property "). *See* Complaint, Ex. B.

4. Defendant SunTrust Mortgage was "named as primary Defendant because that is the name of the bank claiming interest in Plaintiff's property, despite having submitted claims in the U.S. Bankruptcy Court which definitively show that SUNTRUST MORTGAGE, INC. is neither in privity with Plaintiff Kathy Ann Garcia-Lawson on any contract (because of assignment) and is plainly NOT the holder in due course of the note which the Plaintiff signed, and that this lack of privity and transfer of interest is apparent from the face of the documents submitted in Bankruptcy Court because SUNTRUST MORTGAGE endorsed the note in blank and without recourse." Complaint ¶ 5.

5. The Note was endorsed at some point after the closing and signing date but long before the Plaintiff's Chapter 13 Petition for Bankruptcy in 2008. *See* Complaint ¶ 30.

6. SunTrust Mortgage appears to be a subsidiary of SunTrust Bank. *See* Complaint ¶ 9. "Under the principles of respondeat superior and/or fiduciary duty," SunTrust Bank is liable for all the breaches of contract and torts committed by its subsidiary SunTrust Mortgage. *See* Complaint ¶ 10.

7. Plaintiff filed a petition for Bankruptcy in the United State Bankruptcy Court for the Southern District of Florida because her husband breached his contract with her to pay the Mortgage, which he also signed. *See* Complaint ¶ 11.

8. Plaintiff Garcia Lawson sues here in part because the Florida Circuit Court for the Fifteenth Judicial Circuit in which Jeffrey P. Lawson filed dissolution proceedings in February 2005 steadfastly refuses to hear any of Plaintiff's federal claims or to enforce Plaintiff's contract with her husband or his fiduciary duties to his wife and family.[2]  *See* Complaint ¶ 12.

9. Plaintiff seeks a declaratory judgment that (1) neither SunTrust Mortgage nor SunTrust Bank are holders in due course of Plaintiff's Note, (2) neither SunTrust Mortgage nor SunTrust Bank are in continuing privity of contract with Plaintiff, because SunTrust Mortgage and/or SunTrust Bank endorsed the Note without recourse, and (4) if there is any residual amount owing to the holder of the Note, it is owed not by Plaintiff but by her husband.  *See* Complaint ¶ 17.

10. Plaintiff seeks final injunctions to enjoin SunTrust Mortgage and SunTrust Bank from further collection activities unless and until they can prove their legal and equitable status as holder in due course of Plaintiff's Note.  *See* Complaint ¶ 18.

11. On or about April 13, 2009, SunTrust Mortgage filed an Affidavit of Indebtedness in the bankruptcy proceeding of Plaintiff Garcia-Lawson evidencing that the amount of $251,193.04 remained due and owing under the Note and Mortgage.  *See* Complaint, Ex. C.

## II.  PLAINTIFF'S CLAIMS SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

### A.  Standard.

For purposes of ruling on a motion to dismiss, this Court must view the allegations in Plaintiff's Complaint in the light most favorable to Plaintiff, consider all of the allegations in the Complaint as true, and accept all reasonable inferences in favor of the Plaintiff.  *Ambrosia Coal & Constr. Co. v. Pages Morales*, 482 F.3d 1309, 1316 (11th Cir. 2007); *Fin. Sec. Assurance, Inc. v.*

---

[2] Although Plaintiff asserts that her claims are federal in nature so as to satisfy federal question jurisdiction, a cursory review of the allegations in the Complaint reveal that all but arguably one of the counts (Count V) assert state common law and statutory causes of action.  This is a transparent attempt at forum shopping by Plaintiff.

*Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2007).  Nonetheless, as stated by the Supreme Court, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels or conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (U.S. 2007).  The factual allegations must be sufficient to "raise a right to relief above the speculative level." *Id.* at 1964; *see also Stephens*, 500 F.3d at 1282 (specifying that "the factual allegations in a complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief'")(quoting *Twombly*, 127 S. Ct. at 1966-67).  "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Twombly*, 127 S. Ct. at 1966 (citation omitted).  As detailed below, even taking all of the allegations in Plaintiff's Complaint as true and construing them in the light most favorable to Plaintiff, Plaintiff's allegations are simply insufficient to state any viable claim against the SunTrust Defendants.  Accordingly, this Court should dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted.

**B.  Plaintiff's "Shotgun" Complaint Violates Pleading Rules and Should be Dismissed.**

As an initial matter, Defendants must guess at which of the factual allegations in Plaintiff's Complaint support Plaintiff's individual counts.  This is because the Complaint constitutes an impermissible "shotgun" pleading, where all eight of the Complaint's counts incorporate by reference all of the allegations of its predecessor counts. *See Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002).  The Eleventh Circuit has criticized shotgun pleadings because it is impossible to know which allegations of fact are intended to support which claims for relief, *see Anderson v. District Board of Trustees of Central Florida Community College*, 77 F.3d 364, 366 (11th Cir. 1996), and because such pleadings prevent the orderly,

efficient, and economic disposition of disputes, as well as the Court's overall ability to administer justice. *See Byrne v. Nezhat*, 261 F.3d 1075, 1128-31 (11th Cir. 2001); *Ebrahami v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997). At a minimum, the Court should dismiss all eight counts of the Complaint as deficiently pled under the Federal Rules of Civil Procedure. *See Anderson*, 77 F.3d at 367 n.5 ("[T]he court, acting *sua sponte*, should have struck the plaintiff's complaint, and the defendants' answer, and instructed plaintiff's counsel to file a more definite statement.").

### C. Plaintiff's Claims are All Barred by Statute of Limitations

It is uncontroverted that Plaintiff's claims all arise from the Note and Mortgage executed by Plaintiff and her husband on May 23, 2003. As such, all claims brought by Plaintiff related to these loan documents, the closing of the loan transaction and the endorsement on the Note were required to have been brought during the applicable limitations period(s) which began to run on or about May 23, 2003. It is also uncontroverted that this lawsuit was not commenced by Plaintiff until or about February 12, 2010, to wit: approximately seven (7) years after the causes of action began to accrue. Accordingly, as set forth more fully below, Plaintiff's claims are barred by the applicable statute of limitations.

Most of Plaintiff's claims, whether sounding at law or equity, arise from the written contractual relationship between Plaintiff and SunTrust Mortgage, as memorialized in the Note and Mortgage. *See* Fla. Stat. § 95.11. As such, Plaintiff's claims arising from an alleged breach of contract are barred by Florida's five (5) year statute of limitations governing actions based on written contracts and the doctrine of laches. *See* Fla. Stat. § 95.11(2)(b). The limitations period begins to run when the last element constituting the cause of action occurs. Fla. Stat. § 95.031(1). The "discovery rule" does not apply to a breach of contract action in Florida because the Florida Supreme Court specifically held that the limitation period is not tolled by the lack of discovery of a breach within the limitation period and that actions for breach of contract are barred five years

after the cause of action accrued regardless of whether the plaintiff knew that it had a claim. *Federal Insurance Co. v. Southwest Florida Retirement Center, Inc*., 707 So. 2d 1119, 1122 (Fla. 1998). Accordingly, Plaintiff's claims arising out of the Note and Mortgage are barred, as a matter of law, as they were not raised prior to May 23, 2008.

Plaintiff has asserted claims sounding in fraud, both in Count VII ("Mortgage Finance Industry Practices Void *Ab Initio* Due to Fraud in the Execution and Inducement") and Count V ("Unfair Debt Collection Practices & Predatory Lending").  Florida law provides that all claims, at law or in equity, founded on fraud must be commenced within four (4) years of the date the cause of action accrues.  Fla. Stat. § 95.11(3)(j).  In this case, it is undisputed that the cause of action for fraud in the inducement and any other type of fraud alleged to have occurred with relation to the closing of the subject loan accrued in May 2003.  Accordingly, Plaintiff's fraud claims are barred as a matter of law as they were not filed by May 2007, at the latest.

Plaintiff's claim for accounting is likewise barred by the four-year statute that applies to any action not specifically provided for in the limitation statutes.  *See* Fla. Stat. § 95.11(3)(p).

As for Plaintiff's claims for declaratory relief, this Court has noted that actions for declaratory relief do not have their own statute of limitations. *Rosenbaum v. Becker & Poliakoff, P.A.*, 2010 WL 376309 * 8, (S.D. Fla., 2010); *Luckenbach S.S. Co. v. United States*, 312 F.2d 545, 548 (2d Cir.1963) ("limitations statutes do not apply to declaratory judgments"); *Hoagy Wrecker Svc., Inc. v. City of Fort Wayne,* 776 F.Supp. 1350, 1359 (N.D.Ind.1991) ("declaratory relief is a mere procedural device by which various types of substantive claims may be vindicated, and limitations statutes do not apply to declaratory judgments as such."). Rather, because "declaratory relief is a mere procedural device by which various types of substantive claims may be vindicated," it is instead the substance of the right sued upon that governs the applicable limitations period. *Luckenback,* 312 F.2d at 548 & n. 2. Therefore, the declaratory judgment action must be brought within the limitations period applicable to the substantive claim underlying the request for

declaratory relief. *Rosenbaum v. Becker & Poliakoff, P.A.*, 2010 WL 376309 * 8, (S.D.Fla., 2010). In this case, Plaintiff, would have been required to seek declaratory relief either within the four (4) year limitations period for her underlying fraud claims or, under her best case scenario, within the five (5) year limitations period for her underlying breach of contract claims. Accordingly, Plaintiff's claims for declaratory relief are barred as a matter of law as they were not filed by May 2008, at the latest.

To the extent Plaintiff asserts that Defendants "have violated Florida state securities law by fraudulent sales of previously sold and securitized ... notes," Plaintiff's claims are barred by the applicable two (2) year limitations period. Fla. Stat. § 95.11(4)(e).

To the extent Plaintiff attempts to assert a claim for rescission pursuant to TILA, Plaintiff's claims are barred by the applicable three year limitations period. *See* Complaint, ¶¶ 66, 70; 15 U.S.C.A. 1635. A borrower may not assert the § 1635 right to rescind after § 1635(f)'s 3-year period has run. *Beach v. Ocwen Federal Bank*, 523 U.S. 410, 118, S.Ct. 1408 (1998)(The section's uncompromising statement that the borrower's right "shall expire" with the running of time manifests a congressional intent to extinguish completely the right of rescission at the end of the 3-year period.) Accordingly, Plaintiff's claim for rescission of the Note and Mortgage is barred by TILA's three year limitations period.

### D. All Claims Against Defendant SunTrust Bank Should be Dismissed with Prejudice

Plaintiff has improperly named SunTrust Bank, as a defendant, solely based on her belief that SunTrust Mortgage appears to be a subsidiary of SunTrust Bank. *See* Complaint ¶ 9. Plaintiff contends that "[u]nder the principles of respondeat superior and/or fiduciary duty," SunTrust Bank is liable for all the breaches of contract and torts committed by its subsidiary SunTrust Mortgage. *See* Complaint ¶ 10. Plaintiff has improperly asserted a claim against SunTrust Bank under the doctrine of respondeat superior. SunTrust Bank must be dismissed as a party

Defendant as Plaintiff has failed to allege any facts which would allow her to pierce the corporate veil and hold the parent company liable. To pierce the corporate veil under Florida law, it must be shown that the wholly-owned subsidiary is not only a mere instrumentality of the parent corporation but also that the subsidiary was organized or used by the parent to perpetrate a fraud or mislead creditors. *See USP Real Estate Investment Trust v. Discount Auto Parts, Inc.*, 570 So.2d 386 (Fla. 1st DCA 1990); *See also Reflectone, Inc. v. Farrand Optical Company, Inc.*, 862 F.2d 841 (11th Cir. 1989) (party seeking to pierce the corporate veil must show that the parent company used the subsidiary as a mere instrumentality and that it was organized for an improper purpose). In this case, there are absolutely no allegations that would allow Plaintiff's claims as to SunTrust Bank survive.

    E.    **The Court Should Dismiss Plaintiff's Claim to Quiet Title for Failure to State a Claim Upon which Relief can be Granted**

A complaint to quiet title to realty against an alleged cloud should allege sufficient facts to present a justiciable matter to a court of competent jurisdiction, and such complaint must allege sufficient facts to show proper title in the plaintiff to the land in controversy but also that a cloud exists before relief can be rendered against it, and not only must the matter which constitutes the alleged cloud be shown but facts must be averred which give the claim apparent validity as well as those which show its invalidity. *Woodruff v. Taylor*, 118 So.2d 822 (Fla. 2d DCA 1960). In this case, Plaintiff's title to the property is not in question; nor, is the existence of a valid mortgage on the property. Rather, Plaintiff merely wants this Court to find that SunTrust Mortgage and SunTrust Bank are not the proper entities to collect what is owed on the Mortgage and the underlying Note, and, to the extent any amount is owed, that it is owed by her husband. *See* Complaint, ¶ 17 ("any residual amount owing to the true holder in due course on Plaintiff's note, it is owed not by Plaintiff...but by her husband...."); Complaint, ¶ 18 (Plaintiff further seeks a final mandatory injunction against Jeffrey P. Lawson to compel him to pay the amounts due and owing since January 1, 2009 under the note and mortgage agreement...."); Complaint, ¶ 30 (this note was endorsed

"without recourse" in blank and became a bearer instrument, "payable on demand" to parties whose identity is simply unknown at the present time."; Complaint, ¶ 18 ("the correct amount of money due and owing from Plaintiff to Defendants remains in dispute and cannot be determined without an accounting and a submission of evidence.)  This is not the purpose or intent of an action to quiet title.

    **F.    The Court Should Dismiss Counts VI for Lack of Mutuality of Consideration for Failure to State a Claim Upon which Relief can be Granted**

Plaintiff's allegations in Count VI are directly contradicted by the Note and Mortgage attached to the Complaint and incorporated therein.  Plaintiff asserts in paragraph 76 of the Complaint that "[t]he alleged LENDER (Defendant SUNTRUST MORTGAGE or SUNTRUST BANK) did not even promise to make lend money, or recite that it had delivered money to Kathy Ann Garcia-Lawson or Jeffrey P. Lawson.   The Note, attached to the Complaint as Exhibit A, provides that "[i]n return for a loan that I have received, I promise to pay U.S. $360,000.00 ... plus interest, to the order of the Lender.  The Lender is SunTrust Mortgage, Inc."  Accordingly, this Count should be dismissed with prejudice.

    **G.    The Court Should Dismiss Count V for Unfair Collection Practices and Predatory Lending**

Although styled as a claim for "Unfair Collection Practices & Predatory Lending", Plaintiff applies the kitchen sink approach to pleading a cause of action in Count V.  *See* Complaint, ¶¶ 58-71.  Specifically, Plaintiff asserts a long litany of possible violations by the SunTrust Defendants in order to assert a cause of action, including, but not limited to, "Defendants ... have violated provisions of Florida Statutes, as well as the Federal Fair Debt Collections Act, 15 U.S.C., Title 41, Subchapter V. §§ 1692 et seq , and the Real Estate Settlement Procedures Act (RESPA), 12, U.S.C. §§ 2601-2617... violated state securities laws by fraudulent sales of previously sold and securitized ... notes." *See* Complaint, ¶¶ 58-59.  Plaintiff further alleges that "Defendants and each of them is directly or through agents or employees entities or persons actively involved in the

extension of credit as said term is defined under the Trust in Lending Statute (TILA)." *See* Complaint, ¶ 66. Plaintiff further alleges that "these violations are such as to require rescission and or cancellation of the loan herein and the return of all funds received by Defendants from Plaintiff." *See* Complaint, ¶¶ 67-70.

Initially, Count V fails as a matter of law because there is no private civil action for a violation of RESPA, or any regulations related to it. *Collins v. FMHA-USDA,* 105 F.3d 1366, 1368 (11th Cir.1997); *Laine v. Equifirst Mortg. Corp.*, 2009 WL 2043582 (S.D.Fla., 2009).

Count V must also fail as a matter of law to the extent it is based on alleged violations of the FDCPA. In order to plead adequately under the FDCPA, Plaintiff must sufficiently allege that the SunTrust Defendants are "debt collector[s]." *Reese v. JPMorgan Chase & Co.*, 2009 WL 3346783 (S.D.Fla., 2009)*; see Monroe v. CitiMortgage, Inc.,* 2007 WL 1560194 at *2 (M.D.Fla. May 29, 2007). The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Under the FDCPA, consumer's creditors, a mortgage servicing company, or an assignee of a debt are not considered "debt collectors," as long as the debt was not in default at the time it was assigned. *Reese v. JPMorgan Chase & Co.*, 2009 WL 3346783 (S.D.Fla., 2009); s*ee also Monroe,* 2007 WL 1560194 at *2 (citing *Belin v. Litton Loan Servicing, L.P.,* 2006 WL 1992410 at *2 (M.D.Fla.2006)). In the instant action, the SunTrust Defendants are not "debt collectors", nor has Plaintiff made any such allegation.

To the extent Plaintiff asserts that Defendants "have violated Florida state securities law by fraudulent sales of previously sold and securitized ... notes," Plaintiff's claims are time barred and Plaintiff has failed to state a legal cause of action. As set forth above, alleged violations of the Florida Securities and Investor Protection Act (FSIPA) must be brought within the applicable two year statute of limitations. Fla. Stat. § 95.11(4)(e). Moreover, Plaintiff has failed to plead a claim

under the Florida Securities and Investor Protection Act with the requisite level of particularity. In the case of *Gochnauer v. A.G. Edwards & Sons,* Inc., 810 F.2d 1042, 1046 (11th Cir.1987), the court stated that the "Florida statutory requirements [for a cause of action under FSIPA] are identical to Rule 10(b)-5 [the implementation rule promulgated by the SEC regarding § 10(b) ], except that the scienter requirement under Florida law is satisfied by a showing of mere negligence, whereas the minimum showing under Rule 10(b)-5 is reckless disregard." *Page v. Derrickson*, 1997 WL 148558 * 7 (M.D.Fla.,1997).

To the extent Plaintiff seeks to rescind the Note and Mortgage, Plaintiff has failed to plead that Plaintiff has offered to restore the benefits of the loan to SunTrust Mortgage or the holder in due course (i.e., immediately repay the $360,000.00 principle loan amount plus all interest due and owing). A fundamental requirement in order to state a cause of action for rescission is that the moving party must "allege an offer to restore [the] benefits to the party furnishing them." *Crown Ice Machine Leasing, Co., v. Sam Senter Farms, Inc*., 174 So.2d 614, 617 (Fla. 2d DCA 1965), cert. denied, 180 So.2d 656 (Fla. 1965). Here, Plaintiff received the benefit of the loan, yet has not offered to restore SunTrust Mortgage or the holder in due course to the position it was in prior to the loan. Accordingly, Plaintiff's claim for rescission must be dismissed.

To the extent the state and federal acts cited by Plaintiff in Count V provide for a private cause of action, such claims are barred by the applicable statute of limitations as set forth in Section II.C. above and/or fail to state a cause of action.

### H.     Plaintiff Fails to State a Claim for Fraud.

Plaintiff fails to plead Count III (common law fraud) with the level of specificity required by Federal Rule of Civil Procedure 9(b). *See Pafumi, et al. v. Davidson, et al.*, (2007 WL 1729969 S.D. Fla.) *citing Ziemba v Cascade Int'l, Inc.,* 256 F.3d 1194, 1202 (11th Cir. 2001)("when alleging fraud, a complaint must satisfy the heightened pleading standard of Federal Rule of Civil Procedure 9(b)."). Rule 9(b) specifies that "[i]n all averments of fraud or mistake, the circumstances

constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b).  "This Rule serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior." *Brooks v. Blue Cross & Blue Shield of Fla.*, 116 F.3d 1364, 1370-71 (11th Cir. 1997)(quotations and citations omitted).  A plaintiff asserting a fraud claim satisfies Rule 9(b) if the complaint sets forth: (1) precisely what statements were made in what documents or oral representations or what omissions were made; (2) the time and place of each such statement and the person responsible for making the statement; (3) the content of such statements and the manner in which they misled the plaintiff; and (4) what the defendants obtained as a consequence of the fraud. *Id.* at 1371, 1381.  Further, in alleging a fraud claim, the plaintiff cannot simply lump together all of the defendants in the allegations of fraud.  *Ambrosia Coal & Constr. Co. v. Pages Morales*, 482 F.3d 1309, 1317 (11th Cir. 2007); *Brooks*, 116 F.3d at 1381.  In a case involving multiple defendants, as in the instant case, "the complaint should inform each defendant of the nature of his alleged participation in the fraud." *Brooks*, 116 F.3d at 138.  "In sum, the plaintiff must set forth in the complaint as to [the defendant] the 'who, what, when, where, and how' about the fraud that took place." *Solomon v. Blue Cross & Blue Shield Ass'n*, No. 03-22935-CIV, 2008 WL 4065790, at *5 (S.D. Fla. May 23, 2008)(quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1262 (11th Cir. 2006)).

Plaintiff's Complaint fails to adequately set forth any of the elements required to properly plead a fraud claim under Federal Rule of Civil Procedure 9(b). Plaintiff, instead, generally asserts that "SunTrust Mortgage in fact did nothing (except to collect payments) and SunTrust Mortgage fraudulently holds itself out as a holder or trustee for the holder of certain securities, but in fact has simply filed suit for pure profit (with no real legal title or standing, nor any equitable investment or commitment to the transaction)." Plaintiff fails to state any specific misrepresentation on the part of SunTrust Mortgage related the Note and Mortgage that induced her to execute the

Note and Mortgage and make payments thereunder. Accordingly, Plaintiff fails to plead fraud with the requisite particularity under Federal Rule of Civil Procedure 9(b) and this Court should dismiss Plaintiff's claim for fraud for failure to state a claim.

### III. This Court Should Decline To Exercise Supplemental Jurisdiction Over Plaintiffs' Remaining State Law Claims.

This Court should exercise its discretion and decline to extend supplemental jurisdiction over Plaintiff state law claims pursuant to 28 U.S.C. § 1367(c). The Eleventh Circuit Court of Appeals has noted that "if the federal claims are dismissed prior to trial, [Supreme Court Precedent] strongly encourages or even requires dismissal of state claims." *L.A. Draper & Son v. Wheelabrator-Frye, Inc.*, 735 F.2d 414, 428 (11th Cir. 1984) (*citing United States Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1996)); *Ehlert v. Singer*, 85 F. Supp. 2d 1269, 1275 (M.D. Fla. 1999) (declining to exercise supplemental jurisdiction over state law claims after dismissing federal securities claims). Because Plaintiff's federal statutory claim (Count V) is tenuous, at best, this Court should exercise its discretion to dismiss the remaining state law claims. Even if this Court were to consider Plaintiff's state law claims, this Court should dismiss those claims as legally deficient as set forth herein.

### IV. Reservation of Rights as to Additional Defenses

SunTrust Mortgage reserves the right to assert defenses of res judicata, collateral estoppel and issue preclusion to the extent the issues and claims asserted by Plaintiff Lawson Garcia have been adjudicated, waived or otherwise resolved in another court having jurisdiction over the matters. It is clear from the face of the Complaint that Plaintiff is engaged in a forum shopping campaign that will likely not end with this Honorable Court. As Plaintiff explains, in her own words, "the Florida Circuit Court for the Fifteenth Judicial Circuit ... steadfastly refuses to hear any of Plaintiff's federal claims", and "has repeatedly slammed the door in the face of Plaintiff's attempts to raise any Federal issues in that Court." *See* Complaint, ¶ 21. Plaintiff attempts to justify her forum shopping by alleging that "Courts in Florida ... routinely gloss over and ignore the 'holder in due course' and privity of contract' doctrines as well as other ... Federal laws designed for the

protection of the individual unwillingly caught in the system, and this is another reason why plaintiff's lawsuit and equitable action herein stated are properly lodged in Federal rather than state court." *See* Complaint, ¶ 24.  However, Plaintiff has admittedly also raised her claims in her federal bankruptcy proceeding, where she claims that she was informed that the "Bankruptcy Court could not compel Jeffrey P. Lawson to honor his obligations as a matter of contract or fiduciary duty; Plaintiff accordingly had no recourse except to sue Jeffrey P. Lawson for ordinary breach of contract, in that he has not made a single mortgage payment since January 1, 2009 and has, in effect, forced Plaintiff Kathy Ann Garcia-Lawson into a continuing bankruptcy."  *See* Complaint, ¶ 13. We urge this Honorable Court to put an end to Plaintiff's harassing and vexatious litigation tactics.

**V.    Plaintiff's Demand for Jury Trial Should be Stricken**

Plaintiff's Complaint for Quiet Title and Breach of Contract is based on the Note and Mortgage attached to the Complaint in support thereof.  The Mortgage executed by Plaintiff Garcia-Lawson and her husband, Co-Defendant Jeffrey P. Lawson, and delivered to SunTrust Mortgage contains a "Jury Trial Waiver" provision, which provides that "<u>[t]he Borrower hereby waives any right to a trial by jury in any action, proceeding, claim or counterclaim, whether in contract or tort, at law or in equity, arising out of or in any way related to this Security Instrument or the Note.</u>" [Emphasis added.]   *See* Complaint, Ex. B.

Thus, Plaintiff's demand for jury trial should be stricken as the Mortgage reflects that the parties waived their rights to demand a trial by jury of their claims and/or defenses. "Although the right to trial by jury is constitutionally protected, that right may knowingly and intentionally be waived." *Milsap v. Cornerstone Residential Management, Inc.*,  2007 WL 965590, 1 (S.D. Fla., 2007) (citing to *Johnson v. Zerbst,* 304 U.S. 458 (1938); *National Equipment Rental, Ltd. v. Hendrix,* 565 F.2d 255, 258 (2d Cir.1977)). Agreements waiving the right to trial by jury are neither illegal nor contrary to public policy. *Id.* at *1 (citing to *McCarthy v. Wynne,* 126 F.2d 620, 623 (10th Cir.), *cert. denied,* 317 U.S. 640 (1942); *see Leasing Serv. Corp. v. Crane,* 804 F.2d 828, 832 (4th

Cir.1986) (right to jury trial, although fundamental, may be knowingly and intentionally waived by contract); *K.M.C. Co. v. Irving Trust Co.,* 757 F.2d 752, 755 (6th Cir.1985) (considering it "clear that the parties to a contract may by prior written agreement waive the right to jury trial")). Courts will enforce contractual provisions waiving the right to jury trial absent an indication that the party's consent was either involuntary or uninformed. *D.H. Overmyer Co. v. Frick Co.,* 405 U.S. 174, 185-86 (1972); *Brookhart v. Janis,* 384 U.S. 1, 4 (1966); *N. Feldman & Son, Ltd. v. Checker Motors Corp.,* 572 F.Supp. 310, 313 (S.D.N.Y.1893); *Leasing Service Corp. v. Crane,* 804 F.2d 828, 833 (4th Cir.1986).

In the instant case, the jury trial waiver provision was very visible and in fact, was included in a bolded section calling the customer's attention to read the jury waiver provision carefully. In addition, it is a mutual waiver provision, applicable to both parties. The Plaintiff, and her husband, had the right to walk away and obtain a mortgage loan from another institution. However, they elected to execute and deliver the Note and Mortgage to SunTrust Mortgage. Under these circumstances, the waiver of jury trial is clearly not unconscionable and or unfair and should be enforced. *See Milsap v. Cornerstone Residential Management, Inc.*, 2007 WL 965590, 1 (S.D. Fla., 2007) (enforcing a jury trial waiver provision similar to subject one in the instant matter).

Moreover, jury waiver, such as the instant one, apply to both contract and tort claims. It is well settled that a contractual waiver of jury trial is enforceable and will survive even where independent tort claims are not barred by the economic loss rule. *See, e.g., Collins v. Countrywide Home Loans, Inc.*, No. 8:09-CV-1147-T-30AEP, 2010 U.S. Dist. LEXIS 386, at *13–25 (M.D. Fla. Jan. 5, 2010) (contractual waiver of jury trial was enforceable even though the plaintiffs' independent claim for breach of fiduciary duty was not barred by economic loss rule); *APR Energy, LLC v. Pakistan Power Res., LLC*, No. 3:08-cv-961-J-25MCR, 2009 U.S. Dist. LEXIS 77089, at *20–28 (M.D. Fla. May 21, 2009) (contractual waiver of jury trial was enforceable even though the plaintiffs' independent claims for tortious interference and fraudulent inducement were not barred

by economic loss rule); *Ladner v. AmSouth Bank*, No. 2D08-3540, 2009 Fla. App. LEXIS 12797, at *13–14 (2d DCA Sept. 2, 2009) (waiver of jury trial contained in mortgage documents was enforceable even though the plaintiffs' independent claim for fraudulent inducement was not barred by economic loss rule).

WHEREFORE, Defendants SUNTRUST MORTGAGE, INC. and SUNTRUST BANK, INC., respectfully request that this Honorable Court dismiss Plaintiff's Complaint and grant such further relief that this Court deems just and proper.

RESPECTFULLY SUBMITTED:

**LIEBLER, GONZALEZ & PORTUONDO, P.A.**
Attorneys for SunTrust Mortgage, Inc. and
SunTrust Bank, Inc.
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
(305) 379-0400 Telephone
(305) 379-9626 Facsimile

By: /s/ Frank P. Cuneo
    JUAN A. GONZALEZ
    Florida Bar No. 375500
    FRANK P. CUNEO
    Florida Bar No. 0123188
    MIGUEL ARMENTEROS
    Florida Bar No. 0014929

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing has been furnished via the Court's CM/ECF System and U.S. Mail this 29th day of March, 2010, to: Kathy Ann Garcia-Lawson, 2620 Natures Way, Palm Beach Gardens, FL 33410.

/s/ Frank P. Cuneo
FRANK P. CUNEO

Z:\105-1332\Pleadings and Orders\M-Dismiss Complaint.M01.wpd